Application of **NEVINS PACKING CO., Inc., et al.**

**Misc. No. 1100.**

District Court, E. D. New York.

Oct. 22, 1946.

O'Dwyer and Bernstein, of New York City (Paul O'Dwyer, Albert I. Schmalholz, and Robert Rubin, all of New York City, of counsel), for petitioners.

Kenneth V. Fisher, Regional Litigation Atty., Region II, of New York City (William Sardell, of New York City, of counsel), for Office of Price Administration.

MOSCOWITZ, District Judge.

The petitioners stand charged in the City Magistrate's Court of the City of New

York, War Emergency Court, Borough of Brooklyn, with violation of Section U—41 of the New York City Administrative Code, popularly known as the Sharkey Act.

Section U41—5.0 of the Administrative Code makes unlawful any violation of a price regulation issued by the Administrator of the Office of Price Administration pursuant to the war emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and was adopted by the City of New York in an effort to cooperate with the price, rationing and rent control programs of the United States. Section 1 of Loc.Laws 1945, No. 35. It is charged that petitioners violated Revised Maximum Price Regulation No. 169 in that they sold meat at over-ceiling prices. On January 18, 1945, petitioners filed with the Office of Price Administration a Protest challenging the validity of Revised Maximum Price Regulation No. 169, in accordance with the procedure provided in Section 203 of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 923. No disposition had been made of the Protest on May 2, 1946, when the proceedings in the Magistrate's Court were instituted, and none has yet been made. Petitioners seek an order of this Court staying the continuance of the proceedings in the Magistrate's Court against them until the Protest has been passed upon.

Petitioners contend that this Court possesses the authority to grant the relief they seek by virtue of Section 204 of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 924(e)(2), which provides that:

"In any proceeding brought pursuant to section 205 * * * involving an alleged violation of any * * * regulation, * * * the court shall stay the proceeding—

"(ii) during the pendency of any protest * * *."

Section 205, 50 U.S.C.A.Appendix, § 925, is the enforcement section of the Emergency Price Control Act.

The determining factor of this application is that the proceedings which are sought to be stayed are not "brought pursuant to section 205". They are proceedings under an enactment of the legislative body of the City of New York and derive no force or effect from the federal enactment. The local law merely makes illegal under its provisions any violation of a price regulation promulgated by the Office of Price Administration.

Subdivision (c) of Section 205 confers jurisdiction upon the district courts, concurrently with state courts, of all proceedings under the section other than criminal. The authority of a district court in the case of such a proceeding to stay a state court during the pendency of a protest is not here involved. Here it is sought to stay the state court in a proceeding which is not provided for in Section 205 at all but is pursuant to a provision of the Administrative Code of the City of New York. For that relief, no authority is perceived under which this Court may act.

In view of the disposition made of this application, it is not necessary to determine the issue as to whether service of the order to show cause upon the Administrator of the Office of Price Administration is proper at any place other than in Washington, D. C., within the requirements of section 51 of the Judicial Code, 28 U.S.C.A. § 112. Nor is it necessary to pass upon the contention of the respondents that the court could in no event possess jurisdiction in the absence of an action having been commenced by the service of a summons and complaint.

The application is denied and the temporary stay provided in the order to show cause is vacated.

Settle order on notice.